# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

Kenneth M. Kliebard
Partner
T 312.595.2255
F 312.264.0362
kliebardk@howrey.com
File 14551.0003.000000

August 17, 2009

VIA FACSIMILE

Honorable David C. Godbey
U.S. District Court, Northern District
 of Texas, Dallas Division
1100 Commerce Street, Room 1358
Dallas, Texas 75242-1003

      Re:    *Lamb v. Credit Solutions of America, Inc.*
               Case No. :09 CV 00549-N

Dear Judge Godbey:

      Defendant, Credit Solutions of America, Inc. ("CSA"), writes to inform the Court about several developments that have occurred since CSA filed its opposition to Lamb's motion to compel arbitration on May 28, 2009.

      By way of brief refresher, and as the Court is aware, after seven months of litigation in two different federal courts, Lamb moved to compel arbitration of her claims, in which she asserts violations of the federal Credit Repair and Organizations Act (the "CROA"). CSA opposed Lamb's motion because Lamb had waived her contractual right to arbitration and, further, under the All Writs Act in light of the pending *McDaniel* lawsuit, which is much further along. Rather than wait to see how the Court ruled on her own motion, which is pending before this Court, Lamb initiated an arbitration with the American Arbitration Association ("AAA") — an arbitration she insists should move forward even before she gets a ruling from this Court on her motion to compel arbitration of her claim. Faced with two actions by the same Plaintiff asserting the same claims, CSA asked the AAA – the entity that is administering *Lamb* – to stay the arbitration pending this Court's ruling on Lamb's motion to compel arbitration. Because Lamb refused to agree to stay that arbitration pending this Court's ruling, the AAA rejected CSA's request and stated that it would not stop that arbitration from going forward absent a court order.

      Lamb's counsel also filed a second arbitration with the AAA on behalf of a different plaintiff (Smith) in which Lamb's counsel also sought to represent a nationwide class for alleged violations of the CROA. In opposing Lamb's motion to compel arbitration, CSA urged the Court to use its power under the All Writs Act to enjoin the duplicative arbitration that Lamb had

filed with the AAA and the later-filed *Smith* arbitration that Lamb's counsel had also filed before the AAA.

Adding to her counsel's existing series of overlapping class actions against CSA, Lamb's counsel has most recently filed yet a third duplicative arbitration, *Lwinmar Todd v. Credit Solutions of America, Inc.*, in which for the third time they seek to represent a national class for alleged violations of the CROA (in the *Lamb* lawsuit Lamb seeks a Virginia class only; the putative class in the *Lamb* arbitration is nationwide). Thus, Lamb's counsel now has on file the *Lamb* litigation before this Court, the *Lamb* arbitration before the AAA, the *Smith* arbitration before the AAA, and the *Todd* arbitration before the AAA. All four cases assert claims for violation of the CROA, are based on the same underlying facts, and seek the certification of a nationwide class, a statewide class, or both. And, all four cases assert claims that are already being pursued in the *McDaniel* case (although by different plaintiff's counsel), which is before this Court and was filed over a year earlier than any of these competing actions. In addition, just recently Lamb's counsel indicated that they were likely going to file two additional class arbitrations against CSA over these same claims.

With that by way of introduction, the current status of the three pending arbitrations is as follows.

Lamb v. CSA

On May 1, 2009, Lamb filed her demand for arbitration. On June 28, 2009, the parties had an administrative conference with the AAA concerning the arbitration. In that administrative conference, the AAA refused CSA's request to stay the arbitration pending this Court's ruling on Lamb's motion to compel arbitration and informed CSA that the AAA would only put the arbitration on hold with the agreement of the parties or a court-ordered stay. Lamb's counsel refused to stay the arbitration pending a decision from this Court on the pending motion. Because Lamb's counsel refused to agree to a stay, the arbitration has proceeded. Most recently, the parties were required to submit their arbitrator selections on August 6, 2009, and so the appointment of an arbitrator is likely imminent.

Smith v. CSA

On May 20, 2009, Lamb's counsel filed the *Smith* arbitration, which covers the same basic claims and essentially the same putative nationwide class as are asserted in the *Lamb* arbitration, the *Todd* arbitration, and the *McDaniel* lawsuit. Because the AAA will not suspend the arbitrations without agreement of the parties or a court order, the *Smith* arbitration is proceeding. The AAA held an initial case management conference on August 3, 2009. Unlike the *Lamb* arbitration, which Claimants seek to conduct in Dallas, Texas, Claimants seek to conduct the *Smith* Arbitration in Miami, Florida.

Todd v. CSA

On June 18, 2009, Lamb's counsel filed the *Todd* arbitration, which largely copies the claims asserted in the *Lamb* arbitration, the *Smith* arbitration, and the *McDaniel* lawsuit. As with the *Lamb* and *Smith* arbitrations, the AAA has refused to suspend the arbitration without agreement of the parties or a court order. The parties participated in an administrative conference with the AAA on July 15, 2009. During that conference, counsel for Lamb remarked that they were contemplating filing two additional putative class arbitrations against CSA in different locales. Unlike the *Lamb* and *Smith* arbitrations, Claimants seek to conduct the *Todd* arbitration in Los Angeles, California. The parties are required to submit their arbitrator selections on August 27, 2009.

In addition to these factual developments, CSA is obliged to point out that there may be a forthcoming dispositive Supreme Court decision resolving a split of authority concerning the ability of any plaintiff to seek arbitration under CSA's arbitration clause. CSA's arbitration clause does not on its face allow for class arbitrations. Although the law in the Fifth Circuit has been that such arbitration clauses may be susceptible to class-wide arbitrations, *Pedcor Mgmt. Co., Inc. v. Welfare Benefit Plan*, 343 F.3d 255 (5th Cir. 2003), after CSA filed its opposition to the Lamb's motion to compel arbitration the Supreme Court granted a petition for writ of certiorari on that issue. *Stolt-Nielsen S.A. v. Animalfeeds Int'l*, No. 08-1198, 2009 WL 803120 (U.S. June 15, 2009). Accordingly, CSA believes that even if the arbitrations were allowed to go forward, those arbitrations could not proceed as class actions once the Supreme Court speaks on this issue and resolves the Circuit split.

\* \* \*

CSA brings these additional developments to the Court's attention because they bear on Lamb's motion to compel arbitration. In her reply brief in support of her motion to compel arbitration, Lamb urged the court to reject exercising the Court's All Writs Act powers, stating that "[t]he circumstances in which courts are willing even to consider an injunction under the All Writs Act – 'repeated vexatious' and bad faith litigation and conduct by a litigant – do not exist here." (Lamb Reply Br. in Support of Mot. to Compel Arb. at p. 10.) Yet, Lamb's actions make clear that, without action by this Court, she will continue to subject CSA to duplicative arbitrations without this Court's permission—and will do so in ever-multiplying forums. Indeed, Lamb's counsel has refused CSA's request to stay any of the arbitrations pending this Court's adjudication of the motion to compel arbitration. Lamb is engaging in a pattern of "vexatious and needlessly harassing maneuvers" that Judge Harmon found in *Newby v. Enron Corp.*, 302 F.3d 295 (5th Cir. 2002) (CSA Opp'n to Lamb Mot. to Compel Arb. at p. 15), to warrant an injunction.

In addition, for the same reasons that Lamb's counsel should not be permitted to proceed with the duplicative *Smith* arbitration, the *Todd* arbitration (initiated by Lamb's counsel after CSA submitted its opposition brief), should not be allowed to proceed under this Court's All Writs Act powers. As in the case with the *Lamb* and *Smith* arbitrations, permitting Todd to proceed with this most recently filed arbitration will cause confusion and threaten this Court's

Hon. David C. Godbey
August 17, 2009
Page 4

jurisdiction because of the substantial similarity between the class claims alleged by Todd in her arbitration (and Lamb in her arbitration and Smith in his arbitration) and the class claims alleged in the first-filed *McDaniel* case.  (*See* CSA Opp'n to Lamb Mot. to Compel Arb. at pp. 14-17.)

Respectfully yours,

Kenneth M. Kliebard

KMK/h

cc:   All Counsel of Record (via e-mail)